**POMELE and FAAMAU of Tau, Plaintiffs**

v.

**TALIUTAFA C. YOUNG of Tau, Defendant**

No. 24-1958

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Tau Dispensary" in Luma]

September 12, 1958

———

OPINION AND DECREE

Heard at Fagatogo on August 13th and 15th, 1958, before MORROW, *Chief Judge*, and FAUMUINA, *Temporary Associate Judge*.

Pomele, counsel for Pomele and Faamau.

Taliutafa C. Young *pro se*.

OPINION OF THE COURT

MORROW, *Chief Judge*.

Taliutafa C. Young filed an application with the Regis-

trar of Titles to have the land on which the Tau Dispensary in Luma, Tau, Manua is located registered as the communal family land of his (the Taliutafa) family. The application was accompanied by a survey by T. O. Matsuura dated 9-5-56 on which the land sought to be registered is designated as "Plot F". On Plot "F" are the dispensary building and a hospital. Pomele and Faamau filed an objection to the proposed registration. Hence this litigation. Sec. 905 of the A. S. Code. Both Faamau and Pomele are blood-members of the Taliutafa family, being descendants of Faasua who was a married man to the Taliutafa family. The objectors claim the property to be Faasua communal family land.

The weight of evidence is clearly to the effect that the Taliutafa Family had actual possession of this land prior to the establishment of the Government in 1900; that sometime prior to 1920, the Taliutafa Family having continued in actual possession, Taliutafa gave permission to Mealefu (she was not a member of the Taliutafa Family) to occupy the land involved; that she erected a Samoan house on it at about the place where the hospital is now located, occupied the land and made use of the breadfruit growing on it; that To'aga, acting for the Taliutafa Family, in 1920, or thereabouts, gave permission to the Government to erect the dispensary on the land. Taliutafa was in Tutuila at the time. For that reason To'aga, who was his sister, acted for the Family. The weight of the evidence also establishes that the Government then built the dispensary; that about 10 years ago, Taliutafa, acting for his family, gave permission to the Government to erect the hospital on the land which it then did; that the Government has used both buildings for medical purposes ever since they were built. Mealefu left the land when Taliutafa authorized erection of the hospital.

Pomele and Faamau, the objectors, made no objection whatsoever to the erection of either building by the Government pursuant to the permissions from the Taliutafa Family. The very first objection by them, according to their own testimony, occurred when they filed the objection in this case in 1957. Pomele testified that the reason that they did not make any objection before was that they wanted to wait until the land should be offered for registration. It seems very strange indeed that any one would wait 37 years to make a bona fide objection to the taking of his land by someone else, particularly when he could not know whether or not it would ever be offered for registration.

The weight of the evidence is also to the effect that a number of former Taliutafas are buried on the land whose ownership is in dispute. One of them is Faasua, the grandfather of both objectors, who was married to a Taliutafa woman named Faailo who was their grandmother. While Pomele testified that he did not know whether his grandfather Faasua ever held the Taliutafa title, we are convinced from the evidence that Faasua did. That he held the Taliutafa title together with the undisputed fact that he was married to a Taliutafa woman explains his burial on the land. Despite the fact that objectors Pomele and Faamau claim the land as Faasua Family land because their grandfather Faasua is buried there, we believe nevertheless in view of all the evidence, that the land is not Faasua land.

Furthermore, if the Faasua people ever did have any interest in the land (and we think according to the weight of the evidence that they did not) such interest has been divested long ago by adverse possession and vested in the Taliutafa Family, since the evidence shows quite clearly that the Taliutafa Family has had possession under circumstances making their possession adverse, for more than 20 years. The Taliutafa people, according to the evi-

dence, had actual possession prior to the establishment of the Government and such possession by them continued to be actual until shortly before 1920 when Taliutafa permitted Mealefu to unter [sic] upon and occupy and use the land. Mealefu's possession followed by the actual possession by the Government was possession in behalf of the Taliutafa Family since Mealefu, and following her the Government, had actual possession through permission of the Taliutafa Family. "Personal occupation of land by a person claiming title thereto by adverse possession is not necessary; whatever he may do himself in taking and holding posssession, he may do by another; and possession by his agent, servant, licensee, permittee or trustee may inure to his benefit and be regarded as his possession." 2 Corpus Juris Secundum 552. In this case Mealefu and following her the Government were permittees.

The period for acquisition of title to land by adverse possession in American Samoa is 20 years. Secs. 349(4) and 907(2) of the A. S. Code. Adverse possession for twenty years operates to divest the owner of his title. "While some statutes have been construed to confer merely a possessory right or defensive title, the rule which is of almost universal acceptation is that an adverse possession, accompanied by the essential prerequisites for the statutory period, not only bars an action for the recovery of the land but vests a full legal title in the possessor. Under that rule, the authorities hold that the title of the original owners is completely divested." 2 Corpus Juris Secundum 803. In *High Chief Fuimaono v. Moananu and Felila,* No. 12-1955 (H.C. of Am. S.) we said that "Adverse possession for the statutory period—vests title in the adverse possessor" citing *Maxwell Land Grant Co. v. Dawson,* 151 U.S. 586, 607; *Puailoa v. Leapaga,* No. 64-1948 (H.C. of Am. S.); *Pelenato Sa Manoa of Faleniu v. Maea et al.,* No. 11-1955 (H.C. of Am. S.).

As above stated we are convinced from the evidence that if the Faasua Family ever had any interest in the land involved (and we say that we believe in view of all the evidence that they did not) such interest has been divested and vested in the Taliutafa Family through adverse possession.

It should be stated at this point that by deed dated Nov. 26, 1956 Chris Young Taliutafa as the matai of the Taliutafa Family granted to the Government of American Samoa the "right to use this land (i.e. the land involved in this case and described as Plot "F" on the aforementioned survey) for the benefit of itself and the people of Manu'a for as long a period as said land is necessary, but this grant shall not be assignable by the Government and if and in the event the land is no longer needed for governmental purposes, this grant shall cease and terminate and the right to the use of the above described communal land shall revert to the family of the grantors, and the grantors shall, by reason of such reversion become the owners of any and all permanent structures placed upon said lands by the Government."

It is our conclusion that Plot "F" as shown on the aforementioned survey is the communal family land of the Taliutafa Family subject to the right of use in the Government conveyed by the aforementioned deed.

## DECREE

According [sic] it is ORDERED, ADJUDGED and DECREED that the following described land located in the village of Luma, Tau, Manua, to wit:

Beginning at an iron pin, 86°09'00" E a distance of 2.50 feet from the north-east corner (concrete monument) of Plot "A" Tau Dispensary. (Deed on file in the Clerk's Office of the High Court, dated April 18, 1922, Folio No. 683); thence run S 80°26'07" E, a distance of 44.25 feet along the south west boundary line of Plot "G" Tau Dispensary to the northwest corner of the Tau Hospital Building, thence N 88°52'00" E, a distance of 42.45

378

feet along the southeast boundary line of Plot "G" and northern end of the hospital building to a second iron pin; thence S 0°13'00" E, a distance of 32.14 feet along the western boundary line of Plot "H" to a third iron pin; thence S 87°55'00" W, a distance of 55.54 feet to the south east corner (fourth iron pin) of Plot "E"; thence N 6°09'00" W, a distance of 2.75 feet along the eastern boundary line of Plot "E" to the southeast corner of the Dispensary Building; thence N 62°31'34" W, a distance of 31.24 feet along the northern boundary line of/and to the northeast corner (fifth iron pin) of Plot "E"; thence, N 6°09'00" W, a distance of 21.80 feet along the eastern boundary line of Plot "A" to the Point of Beginning, . . .

shall be registered as the communal family land of the Taliutafa Family of the Island of Tau, Manua, subject to the right of use granted to the Government of American Samoa by deed dated Nov. 26, 1956, executed by Chris Young Taliutafa, and recorded in Vol. 3, Register of Land Transfers at pp. 72–73.

Magnetic bearing of N 14°45' W of the eastern boundary line of Plot "A" as given in the deed April 18, 1922 and the true bearing of N 6°09'00" W of the western boundary of Plot "F" above described are one and the same.

The above described land contains 0.0564 acres more or less. All bearings thereof refer to the true meridian, converted from the magnetic meridian by use of a 11°26" E declination, increasing 3 minutes annually. Such above-described land adjoins and lies to the east of the land conveyed by Faamau Sili and Lepolo to the Government of American Samoa (deed runs to Edwin T. Pollock, Governor of American Samoa) by deed dated April 18, 1922 and recorded in Vol. II, Register of Transfers, p. 127 to p. 129.

The above description of the land to be registered pursuant to this decree is taken from the survey by T. O. Matsuura, approved by Elmer A. Wilson, Director of Public Works, and dated 9/5/56, filed with the application to register, such survey being marked "Encl. (1)" and filed in the proceedings of this case.

Costs in the sum of $35.00 are hereby assessed against Pomele and Faamau, each to pay $17.50. All costs are to be paid within 45 days.